NATIONAL CITY BANK OF NEW YORK, Plaintiff and Appellee,
v. J. MARTÍNEZ LLONÍN, Defendant and Appellant.

No. 4824. Argued December 17, 1928.—Decided January 18, 1929.

*Hartzell, Kelly & Hartzell* and *R. O. Fernández* for the appellant.
*M. Tous Soto* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

The stenographer of the District Court of San Juan filed in the office of the clerk of that court on October 14, 1927, his transcript of the evidence for the appeal taken by defendant José Martínez Llonín from a judgment against him to pay to the plaintiff a certain sum of money. Some months later, or on April 17, 1928, the appellee proposed amendments to the said transcript and, according to a certificate of the clerk of that court dated November 28, he had not received up to that date the transcript of the evidence to be sent up to this court. On the same date, November 28, the appellee filed in this court a motion to dismiss the appeal. The motion was accompanied by the clerk's certificate and the appellant was given notice of it on the same date.

On December 17 the appellant opposed the motion to dismiss, his attorney alleging under oath that he had agreed

1

with the attorney for the appellee to deliver the proposal for amendments to the stenographer so that he might include them in the transcript by making the necessary changes on some of its pages and deliver it forthwith to the trial judge who had approved that agreement between the parties; that notwithstanding the requests made to the stenographer, he delayed making the amendments and the judge had to ask the stenographer to present the document without the amendments, but it was returned to him for making the amendments, and that the transcript is approved. This opposition was accompanied by an affidavit of Miguel A. Muñoz to the effect that he was the trial judge in the case; that some time after he had ceased to hold that office the attorney for the appellant visited him in his office of the Public Service Commission and asked him whether he had received a transcript of the evidence in this case; that later on he received a communication from the District Court of San Juan asking him to set a day for the approval of the transcript of the evidence, but due to the great amount of work before him, to his leaving the Island on official business and to the reorganization of the Public Service Commission, he was unable to make an immediate setting; that during that time he was visited in his office by the appellant, by the latter's son-in-law and by attorney Manuel Tous Soto who informed him that he had agreed with the attorneys for the other party in regard ·to the amendments to be made to the transcript of the evidence that they should be made at once and for this reason the document was returned to the stenographer; that attorney Tous Soto visited his office several times to ascertain whether the record had been sent to him, and that during the last two months a representative of Martínez Llonín has been constantly in his office seeking his approval of the transcript of the evidence, but owing to the fact that after the last cyclone he has been working until very late he has been unable to give all of the time necessary to this matter, which was heard on November 26, and that as the stenog-

rapher has not yet finished his work, the transcript is still pending approval. This affidavit is dated December 7th. The transcript of the evidence was approved on the 14th of that month and filed three days later in this court, or two days before the hearing on the motion to dismiss.

This case is a demonstration of the danger of prosecuting an appeal by means of a transcript of the evidence, for as the rights of the party who recovered judgment should not be left to the mercy of a stenographer who is negligent in the performance of his duties and has no right to delay an appeal, we would dismiss the present appeal, which has been delayed many months in order to make amendments without any extensions of time granted by the court, but for the affidavit of the trial judge, as it appears therefrom that he was prevented by excessive work from giving due attention to this matter notwithstanding the frequent appeals from the appellant for his approval of the transcript.

We are asked also to dismiss the appeal as frivolous. Although this is an action against the appellant to recover on a note signed by him with others jointly and severally for value received which has matured, and although he admits that he signed it and that it has not been paid, yet his appeal from the judgment against him may not be frivolous in view of the special conditions of that obligation and of what appears from the evidence, which we will not state now so as not to prejudge the issue between the parties. We shall allow the appeal to be proceeded with in order to pass on the merits of the case after the parties have been heard on the questions that may arise.

The motion to dismiss is overruled.